FILED
2019 AUG 28 PM 4:45
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID TOM,

    Plaintiff,

v.

CITY OF INDIAN HARBOUR BEACH,
A MUNICIPALITY WITHIN THE
STATE OF FLORIDA

AND

INDIAN HARBOUR BEACH VOLUNTEER
FIRE DEPARTMENT INC.

    Defendants.

Case No.:

6:19-CV-1432-ORL-37DCI

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME

    Plaintiff David Tom files this motion respectfully opposing Joint Defendant's motion to extend time to respond to Plaintiff's complaint filed August 2, 2019, [Doc. 1] and as grounds therefore says:

    **I.**     **Introduction and Relevant Procedural/Contractual History.**

    Both Defendants, CITY OF INDIAN HARBOUR BEACH (CITY) and INDIAN HARBOUR BEACH VOLUNTEER FIRE DEPARTMENT, INC (IHBVFD) were placed on notice of pending legal action for claims relating to Title VII of the Civil Rights Act of 1964 via contractual agreement on or about May 3rd 2017. Mr. Ronald Greninger of Dean, Ringers, Morgan and Lawton (DRML), Counsel for CITY in a

worker's compensation action, OJCC Case Number 17-002483RLD with authority from his client - approved this stipulation in as part of a worker's compensation settlement.

The General Release and Settlement Agreement contained mutually agreed provisions allowing Plaintiff to sue CITY and any organization operating in privity with CITY such as IHBVFD for claims arising from Title VII of the Civil Rights Act of 1964.

The General Release and Settlement Agreement was drafted by Mr. Alan Kalinoski of DRML and modified accordingly by Mr. Ronald Greninger as well as counsel for Plaintiff. The terms were agreeable to Mr. Greninger and his client and were sent to Judge Dietz for approval. The settlement was approved July 25th 2017.

The EEOC Miami District Office issued a notice to Plaintiff on April 30th 2019 that a Notice of Right to Sue would be issued shortly from the US Department of Justice with both Defendants carbon copied. A copy was sent to City Manager Mark Ryan at his offices in City Hall and a copy was sent to IHBVFD at their location at Station 56 on 1116 Pinetree Drive.

The US Department of Justice issued Plaintiff his Notice of Right to Sue dated May 8th 2019 and Plaintiff hand delivered Notice of Right to Sue to both IHBVD President Michael Muldoon at 1116 Pinetree Dr on May 9th 2019 and City Manager Mark Ryan in person at his offices at City Hall on May 10th 2019.

Plaintiff sent via USPS Certified Mail letters to City Manager Mark Ryan, City Attorney Karl Bohne, City Insurer Florida League of Cities, City Counsel Jeffrey Mandel at Fisher Phillips and IHBFVD Secretary Craig Finkelstein on or about July 2nd 2019

inquiring if an amicable outcome without litigation would be possible and which attorney would be representing them in the subsequent legal proceedings.

Defendant IHBVFD did not respond to any forms of communication. Defendant CITY via their counsel, Douglas Noah responded and requested a teleconference to discuss the claim. On Friday, July 12th, Plaintiff and Mr. Noah had a substantive phone discussion regarding the issues and were unable to resolve them prior to litigation. On July 13th 2019, Mr. Noah was provided via email courtesy copies of a first draft of Plaintiffs complaint, EEOC charge and other relevant documents to his claim.

## II. Legal Argument and Authority.

Defendants make motion to extend time pursuant to Fed. R. Civ. P. 6(b)(1)(B) utilizing the grounds of the excusable neglect provision.

Both defendants were placed on notice of pending legal action on five separate occasions over a span of 2 years: May 2017, July 2017, April 2019, May 2019 and July 2019, not counting service of this action.

Counsel for CITY was provided a courtesy copy of the proposed complaint in good faith in July 2019 in order to ensure timely filing of a response.

Plaintiff respectfully asks this court to consider that being placed on notice of pending legal action for over 2 years rules out a claim of excusable neglect.

This Court's Local Rule 3.01(g) states in part, ", the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement: " and "A certification to the effect that

opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer"

Plaintiff received notification of Joint Defendant's request for extension at 4:30PM August 27th 2019 from DRML paralegal Ms. Antoinette Braga via email.

Plaintiff received commination from Ms. Braga around 11AM August 28th that Mr. Wilson's family emergency made him unavailable for conference and they would be filing their motion in one hour.

This Court's Local Rule 3.01(g) states parties must confer with counsel for the opposing party in good faith, and although an argument can be made that counsel's paralegal conferred in good faith, I defer to this Court's authority on such a determination on compliance.

Due to Mr. Wilson's family emergency, he was not available to confer and comply with Local Rule 3.01(g).

For these reasons, Plaintiff asks this court to consider Defendant's Motion to Extend Time not compliant with Local Rule 3.01(g).

### III.  Continuation of Retaliation and Bad Faith.

Fundamentally, the issues raised in the complaint filed August 2, 2019, [Doc. 1] relate to retaliation, bad faith and disparate treatment of Plaintiff by Defendants.

Plaintiff was on the receiving end of a bully in Station 56 and Defendants are still trying to bully Plaintiff via their counsel by not adhering to filing deadlines.

Counsel for CITY, DRML has over 20 qualified attorneys that are more than capable of meeting this action's filing deadline.

Counsel for IHBVFD, Ford & Harrison has over 200 qualified attorneys that are more than capable of meeting this action's filing deadline.

Plaintiff extends condolences to Defendant's counsel regarding the death in his family, and suggests that one of the other 200+ capable attorneys at Ford & Harrison should be able to service the needs of their client in light of Mr. Wilson's loss.

### IV. Deprivation of Peekaboo.

Plaintiff is an uncle to a soon to be 2-year-old who resides in Boston with a birthday of September 3rd. Plaintiff enjoys spending time playing Peekaboo with his nephew.

Cognizant of filing deadlines, Plaintiff cancelled plans to attend a birthday celebration, including Peekaboo time - in order to respond to Defendant's filings in a timely fashion.

As object permanence develops in an infant, the actions of Plaintiff engaging in activities relating to games such as Peekaboo, Hide and Seek, et seq. become increasingly transparent and ineffectual, very much like Defendant's excusable neglect argument.

### V. Conclusion.

Defendants were placed on notice of pending litigation on numerous separate occasions, beginning in May 2017 and with courtesy copies of proposed litigation sent to counsel in July 2019. Over 2 years of notice of pending legal action on five separate occasion should be sufficient, and hurricane preparations are immaterial to this fact.

Plaintiff cancelled plans for Peekaboo with his nephew in order to ensure timely response to all Defendants' filings.

Therefore, Plaintiff submits that Defendant's argument for extension for time based on excusable neglect pursuant to Fed. R. Civ. Pro. 6(b)(1)(B), although neglectful should not be considered excusable.

### CERTIFICATE OF GOOD FAITH

**I HEREBY CERTIFY** that pursuant to this Court's Local Rule 3.01(g), on August 27th 2019, the undersigned had a short email exchange that may or may not comply with Local Rule 3.01(g) with Antoinette Braga, paralegal to Defendant's counsel Douglas Noah/Patricia Chapman in an attempt to resolve this issue. Plaintiff did not confer with Mr. Louis Wilson in accordance with Local Rule 3.01(g) due to the death in his family and his subsequent unavailability.

Plaintiff respectfully opposes jointly proposed motion to extend time.

### CERTIFICATE OF SERVICE

I certify that on August 28th 2019, I filed a copy of the foregoing with the Clerk of the Court in person and an electronic copy was sent to Douglas Noah, counsel for Defendant – CITY OF INDIAN HARBOUR BEACH, Patricia M. Rego Chapman, counsel for Defendant – CITY OF INDIAN HARBOUR BEACH, and Louis Wilson, counsel for Defendant – INDIAN HARBOUR BEACH VOLUNTEER FIRE DEPARTMENT, INC.

Dated: August 28, 2019

Respectfully Submitted,

_David Tom_
David Tom
1058 Herne Ave
Palm Bay, FL 32907
321-725-9212
Pro Se